# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1056V

| | |
|---|---|
| BARBARA J. GIDDENS, | Chief Special Master Corcoran |
| Petitioner, | Filed: January 14, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Kelly Elizabeth Elder, Martin & Jones, PLLC, Raleigh, NC,* for Petitioner.

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 21, 2020, Barbara J. Giddens filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine received on December 18, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 14, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 14, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $66,621.93.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **Petitioner is awarded a lump sum of $66,621.93 (representing $65,000.00 in pain and suffering, $590.44 for past unreimbursable expenses, and $1,031.49 for past lost wages), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| BARBARA J. GIDDENS,       ) | |
|                  ) | |
|     Petitioner,       ) | |
|                  ) | No. 20-1056V |
| v.                  ) | Chief Special Master Corcoran |
|                  ) | ECF |
| SECRETARY OF HEALTH AND HUMAN     ) | |
| SERVICES,          ) | |
|                  ) | |
|     Respondent.     ) | |
|                  ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 21, 2020, Barbara J. Giddens ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on December 18, 2017. Petition at 1. On October 11, 2022, petitioner filed a Motion for a Ruling on the Record ("Motion") arguing that she had established entitlement to compensation. ECF No. 47. Respondent filed his Rule 4(c) Report and Response to Petitioner's Motion on December 2, 2022, recommending that entitlement to compensation be denied. ECF Nos. 48-49. On November 14, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 54.

I.  **Items of Compensation**

    A.  <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $65,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      B.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents the expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $590.44.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

      C.    <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $1,031.49.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**    <u>**Form of the Award**</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $66,621.93, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

**III.**    <u>**Summary of Recommended Payment Following Judgment**</u>

Lump Sum payable to petitioner, Barbara J. Giddens:      **$66,621.93**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

*/s/ Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-3299
Email: catherine.stolar@usdoj.gov

DATED:  January 14, 2025