# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1056V

|  |  |
|---|---|
| BARBARA J. GIDDENS,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 11, 2025 |

*Kelly Elizabeth Elder*, Martin & Jones, PLLC, Raleigh, NC, for Petitioner.

*Catherine Elizabeth Stolar*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 21, 2020, Barbara J. Giddens filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine received on December 18, 2017. Petition, ECF No. 1. On November 14, 2023, I issued a decision finding Petitioner entitled to

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation, following briefing by the parties (ECF No. 54), and then later determined damages based on the Respondent's proffer (ECF No. 72).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $62,371.30 (representing $59,212.30 in fees plus $2,984.06 in costs and $174.94 representing Petitioner out-of-pocket expenses). Application for Attorneys' Fees and Costs ("Motion") filed June 26, 2025, ECF No. 79. Furthermore, counsel for Petitioner represents that Petitioner incurred personal out-of-pocket expenses as noted above. ECF No. 79 at 1 and 79-6 at 1-5.

Respondent reacted to the motion on July 7, 2025, stating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, and requesting that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 80. On July 14, 2025, Petitioner filed a reply requesting an award of fees and costs as indicated in the Motion. ECF 81.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests that I apply the following hourly rates for the attorneys and paralegals that performed work in this matter:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|
| Kelly Elder, Esq. | X | X | X | X | $260 | $315 | $345 | $405 |
| Forest Horne, Esq. | X | X | X | X | $490 | $525 | X | X |
| John Jones, Esq. | $455 | $464 | $484 | X | $509 | X | X | X |
| Carrie Guest, Esq. | X | $425 | $440 | $455 | $470 | $510 | X | X |
| Paralegals | $137 - $145 | $150 | $158 - $163 | $167 - $172 | $153 - $177 | $161 | $185 - $197 | $170 - $200 |

I find the paralegal rates requested herein to be reasonable, and they shall therefore be awarded, but make the following determinations regarding rates requested for the identified attorneys.

Ms. Kelly Elder has been a licensed attorney since 2019, and was admitted to this Court in July 2020. ECF No. 79-2 at 1-3. Although Ms. Elder's requested rate for 2025 is within the relevant Fee Schedule range[3] based on her overall experience, it requests an increase exceeding what I would normally allow for similarly-situated Program attorneys. Instead, based on my experience applying the factors relevant to determining proper hourly rates,[4] **I find the lower rate of $375.00 for time billed by Ms. Elder in 2025** to be more appropriate, as well as a reasonable rate increase of $30.00 from the previous

---

[3] The OSM's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

3

year. **Application of the foregoing reduces the fees to be awarded herein by $186.00.**[5]

Mr. Forest Horne has been a licensed attorney since 1989, but he was only *recently* admitted to practice before this Court as of July 2025. It is well established in the Program that an attorney who is not admitted to practice before this Court, is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Hum. Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). And Mr. Horne was made aware that time billed by non-admitted attorneys, incurred in specific preparation for the claim's filing or after the Petition is filed, will only be compensated at non-attorney rates. See *Sitton v. Sec'y of Health & Hum. Servs.,* No. 22-1254V, 2025 WL 1937212, at *2 (Fed. Cl. Spec. Mstr. June 10, 2025).

Mr. Horne submitted billing entries for years 2022-23, *after the filing of the Petition* in this matter (Petition at ECF No. 1), and prior to being admitted to this Court. **Accordingly, all time billed by Mr. Horne in the 2022-24 period, will be compensated at the non-attorney rate of $177.00. Application of the foregoing reduces the amount of fees to be awarded herein by $358.30.**[6]

Additionally, experience representing Petitioners in the Vaccine Program is highly relevant to what hourly rates an attorney should receive. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Given Mr. Horne's limited experience representing Petitioners in the Program, it would be improper for him to receive rates on the higher end of the experience ranges when those rates are reserved for comparably experienced counsel who also have lengthy experience handling Vaccine Act matters. Thus, **I award Mr. Horne the lesser rate of $500.00 for 2025.** Mr. Horne did not submit billing entries for 2025, so no further adjustment is made to the hours billed.

Ms. Carrie Guest has been a licensed attorney since 1991, and was admitted to this Court in August 2020. For work performed in 2019, she is not eligible to collect fees

---

[5] This amount consists of reducing Ms. Elder's 2025 rate and is calculated as follows: ($405.00 - $375.00 = $30.00 x 6.20 hours billed by Ms. Elder in 2025) = $186.00.

[6] This amount consists of reducing attorney Horne's 2022-23 rates and is calculated as follows: ($490.00 - $177.00 = $313.00 x 0.70 hours billed by Mr. Horne in 2022) + ($525.00 - $177.00 = $348.00 x 0.40 hours billed by Mr. Horne in 2023) = $358.30.

at an admitted attorney's rate (although Petitioner did not submit any billing entries for said year). But I do not otherwise endorse her proposed rate of $425.00 for 2019. Ms. Guest should note for future reference that she must apply non-attorney rates (such as applicable paralegal rates based on the OSM Fee Schedules) for any work performed prior to her being admitted to this Court.

Nevertheless, her requested rates for the 2020-22 timeframe are reasonable and shall be adopted without reduction. And given her limited experience representing Petitioners in the Program, **I find the lower rate of $495.00 to be more appropriate for Ms. Guest's time billed in 2023**, representing a more reasonable increase of $25.00 from the previous year. **Application of the foregoing reduces the amount of fees to be awarded herein by $3.00.**[7]

Mr. John Jones was admitted to practice law in 1982 and admitted to this Court in October 2015. ECF No. 79-2 at 6-7. Accordingly, based on the factors relevant to determining proper hourly rates for Program attorneys, I find his requested rates for work performed in the 2018-2020 and 2022 period to be reasonable and shall be adopted. Mr. Jones has yet to receive established Program rates for 2021 and 2023-25. As such, I hereby award the following rates: $498 for 2021; $524 for 2023; $539 for 2024; and $562 for 2025. Mr. Jones did not submit billing entries for these years, so no further adjustment is made to the fees in this matter.

Additionally, I note this case required additional briefing regarding the issue of entitlement. *See* Petitioner's Brief for Ruling on Record regarding Entitlement, filed Oct. 11, 2022, ECF No. 47; Petitioner's Reply to Respondent's Response to Brief for Ruling on the Record, filed Jan. 4, 2023, ECF No. 53; Petitioner's counsel expended approximately 16.30 hours drafting the entitlement and damages brief and 10.00 hours drafting the responsive brief, for a combined total of 26.30 hours. ECF No. 79-4 at 18-19. I find this time to have been reasonably incurred, and it shall be awarded without reduction.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 79-5 at 1-42. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable, and hereby award them in full.

---

[7] This amount consists of reducing Ms. Guest's rate for 2023 and is calculated as follows: ($510.00 - $495.00 = $15.00 x 0.20 hours billed by Ms. Guest in 2023) = $3.00.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I GRANT in part Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $61,824.00 (representing $58,665.00 in fees plus $2,984.06 in costs and $174.94 representing Petitioner's out-of-pocket expenses) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.